UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE THOMAS, LESHAWN
GLOVER, JAMES E. KITCHER,
DANIEL CANFIELD, WILLIAM
KENT GLEASON, VICTOR
LINDSEY, JAMES KISS, RIC
DOYLE, and KIYEL J. JOHNSON,

    Plaintiffs,     Case Number 23-12210
               Honorable David M. Lawson

v.

MDOC, HEIDI WASHINGTON,
J. HOWARD, N. HOFFMAN,
REBECCA HORROCKS, JERRY BUSH,
T. PERTTU, MERKEL, PATRICIA LEWIS,
and T. HAMEL,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

  The nine plaintiffs in this case are inmates in the custody of the Michigan Department of Corrections (MDOC). They have filed a complaint without the assistance of an attorney alleging violations of their civil rights under 42 U.S.C. § 1983. They challenge the conditions of their confinement where they are held at MDOC's Baraga Correctional Facility in Baraga, Michigan. They allege that they have suffered severe adverse health consequences because there is black mold in the showers at the Baraga Correctional Facility and that defendants have retaliated against them for voicing concerns.

  According to the plaintiffs, the events giving rise to the complaint occurred during their confinement at the Baraga Correctional Facility, which is located in Baraga County, Michigan. Baraga County is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). The

named defendants also are located in Michigan's Western District. Therefore, the case will be transferred to the United States District Court for the Western District of Michigan.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) states:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Therefore, all of the statutory indicators point to the Western District of Michigan as the only place where venue is proper for this case.

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. See 28 U.S.C. § 1404(a). A court may transfer a case on its own motion for improper venue. *Carver v. Knox Cty., Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Because venue is proper in the Western District and not in the Eastern District, the Court will transfer the case.

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   October 5, 2023